JOHN R. GILLESPIE, APPELLANT, V. STATE OF NEBRASKA ET AL., APPELLEES.

432 N.W.2d 801

Filed December 16, 1988. No. 87-204.

Leonard P. Vyhnalek for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl Schroeder for appellees.

BOSLAUGH, SHANAHAN, and GRANT, JJ., and ENDACOTT and QUIST, D. JJ.

ENDACOTT, D.J.

On May 30, 1985, the director of the Department of Motor Vehicles revoked John R. Gillespie's license to operate a motor vehicle because he had accumulated 12 points within a 2-year period. See Neb. Rev. Stat. § 39-669.27 (Reissue 1984). Plaintiff accumulated these points on the basis of six speeding convictions: one in Nebraska in 1983, three in Kansas in 1984, and two more in Nebraska in 1985.

On June 5, 1985, Gillespie appealed the director's order to the district court for Lincoln County, his county of residence. That court stayed the order of revocation pending a final determination of the appeal. Defendants demurred to the petition on appeal, claiming a lack of subject matter jurisdiction. The demurrer was sustained. Gillespie filed an amended petition. At the same time, pursuant to Neb. Rev. Stat. § 25-410 (Reissue 1985), Gillespie filed a motion to transfer venue to the district court for Lancaster County. The motion was sustained, and the case was transferred. Defendants then filed a motion for summary judgment, contending that the district court for Lancaster County also lacked jurisdiction. Summary judgment was granted. This appeal followed.

Defendants contend that because some points were accumulated for out-of-state convictions, the Driver License Compact, 2A Neb. Rev. Stat. app. at 840 (Reissue 1985), requires that, pursuant to Neb. Rev. Stat. § 84-917(2) (Reissue 1987) of the Administrative Procedure Act, Neb. Rev. Stat. §§ 84-901 et seq. (Reissue 1987), Gillespie's appeal could only be brought in Lancaster County, where the director's action was taken. We cannot agree.

The Driver License Compact, of which both Nebraska and Kansas are members, is an interstate agreement for the

exchange in a uniform manner of information regarding the commission of traffic offenses. Article II of the compact reads in part: "The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." Article III(b) states: "As to other convictions [such as speeding], reported pursuant to Article II, the licensing authority in the home state shall give such effect to the conduct as is provided by the laws of the home state." Article VIII, § 6, provides: "Any act or omission of any official or employee of this state done or omitted pursuant to, or in enforcing, the provisions of the Driver License Compact shall be subject to review in accordance with the state administrative procedure a[c]t . . . ."

The Driver License Compact contains no provision for the accumulation of points or the revocation of a license on points assessed for successive traffic violations. As to speeding convictions in other states, the compact merely establishes a cooperative procedure for reporting those convictions to our Department of Motor Vehicles. Speeding convictions occurring in Nebraska are reported to the department pursuant to Neb. Rev. Stat. § 39-669.22 (Reissue 1984). The department then gives such effect to both in-state and out-of-state speeding convictions reported as is provided by the laws of the State of Nebraska. The assessment and accumulation of points for speeding convictions occurs under Neb. Rev. Stat. § 39-669.26 (Reissue 1984). The revocation of an individual's license for the accumulation of 12 or more points within a period of 2 years occurs under § 39-669.27. In the case at bar, the revocation did not, in the language of article VIII, § 6, of the compact, constitute an act of a state official done "pursuant to, or in enforcing, the provisions of the Driver License Compact." Such revocation was not, therefore, appealable to the district court for Lancaster County under § 84-917 of our Administrative Procedure Act. Instead, an appeal was properly brought in this case in the district court for Lincoln County, the county of Gillespie's residence, pursuant to Neb. Rev. Stat. § 39-669.28 (Reissue 1984). A contrary holding would create a trap for the unwary: If all points were accumulated on the basis of in-state

convictions, appeal would be brought in the county of residence, but if even a single point had been assessed on the basis of an out-of-state conviction, appeal could be brought only in Lancaster County.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.